NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WADE WELCH
    Plaintiff,

v.

UNITED STATES SOCIAL SECURITY
ADMINISTRATION

    Defendant.

Civil Action No. 13-1864 ( CCC)

OPINION AND ORDER

## OPINION

This matter comes before the Court by way of the application of Wade Welch ("Plaintiff") for the appointment of pro bono counsel. (Docket Entry No.4).

This Court has the power to appoint pro bono counsel, at its discretion, for indigent civil litigants under 28 U.S.C. § 1915(e). Indigent civil litigants have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In order to receive the benefit of appointed counsel, a party must assert a non-frivolous claim. Id. at 457. Once the Court determines a litigant's claim has merit, the court must consider the following factors: (1) the litigant's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the litigant can attain and afford counsel on his own behalf.

Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir 1993)). The list of factors

identified in Parham and Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Id. at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F.3d at 157.)

Analysis of the foregoing factors in this case reveals that appointment of pro bono counsel is appropriate at this time. Plaintiff requests a review of the denial of social security benefits. Plaintiff's *in forma pauperis application* was granted on April 11, 2013 (Docket Entry No. 5) and he has therefore made a sufficient showing to indicate that he is unable to afford counsel. Moreover, the balance of the remaining factors weighs in favor of appointment of counsel. Plaintiff's application indicates that he is blind and disabled, and therefore will likely be unable to articulate his legal claims, as well as the facts supporting such claims. In addition, the legal and factual issues in this social security action may be complex, and therefore may present Plaintiff with some difficulty in obtaining and analyzing medical information or other relevant evidence in this matter. There also may be a need to examine medical expert testimony at some point during the duration of the proceedings. Accordingly, for the foregoing reasons, Plaintiff's application for appointment of counsel will be granted.

## ORDER

**IT IS** on this 9th day of August, 2013

**ORDERED** that Plaintiff Wade Welch's Application for Pro Bono Counsel (Docket Entry No. 4) is **GRANTED**.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States District Judge**