NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WADE D. WELCH,<br><br>　　　　　　Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No.: 2:13-cv-1864 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

Before the Court is Plaintiff Wade D. Welch's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under §§ 216(i) and 223(d) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated and the matter is remanded for further proceedings consistent with this Opinion.

I.　　**BACKGROUND**

　　A.　　**Procedural Background**

On January 27, 2010, Plaintiff applied for DIB, alleging disability as of January 11, 2010. Tr.[1] at 10. The application was denied initially on August 7, 2010, and upon reconsideration on February 7, 2011. *Id.* On August 23, 2011, a hearing was held before the ALJ. *Id.* The ALJ issued a decision on September 15, 2011 finding Plaintiff was not disabled, as defined by the SSA.

---

[1] "Tr." refers to the certified record of the administrative proceedings. ECF No. 27.

1

*Id.* at 14. Plaintiff requested review of the decision and the Appeals Council denied the request on January 29, 2013. *Id.* at 1. On March 22, 2013, Plaintiff instituted this action. ECF No. 1.

### B. Factual Background

Plaintiff was born on July 18, 1957. Tr. at 62. Plaintiff has been married for 19 years and has a college education. *Id.* at 25. During the hearing, Plaintiff testified that he works as a property manager for a non-profit association, Advance Housing, Inc., and that it is his responsibility to do inspections of the properties.[2] *Id.* at 26. Plaintiff also stated he works in a part-time seasonal position at Home Depot. *Id.* at 28. Plaintiff testified that on a day-to-day basis, he does housework because his wife is disabled. Id. at 42. Therefore, Plaintiff cooks, does laundry, and shops. *Id.* Plaintiff also testified he is very involved in the Alcoholics Anonymous program. *Id.*

Plaintiff claimed disability due to a condition called non-arteritic ischemic optic neuropathy, which caused partial blindness in his right eye. *See id.* at 192-93. Plaintiff reported that he developed this condition in December 2009 when he woke up one morning in with a "brown smudge in the inferior field of his right eye," which progressed over the following days. *Id.* Plaintiff alleges that due to this ailment, he has been unable to perform the essential functions of his work.

## II. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v.*

---

[2] Plaintiff submitted a letter after the ALJ's decision issued explaining that in January 2012, he was terminated from this position after car accident which occurred while he was on the job in December 2011. Tr. at 177.

2

*Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or

mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. *Id.* Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. *Id.* Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## III. **DISCUSSION**

### A. **Summary of the ALJ's Findings**

At step one, the ALJ determined Plaintiff met the insured status requirements through December 1, 2015, but that he had engaged in substantial gainful activity since January 1, 2010. Tr. at 12. Therefore, the ALJ concluded Plaintiff was not disabled, as defined in the SSA. *Id.* at 13-14.

### B. **Analysis**

Plaintiff argues the ALJ's decision should be remanded because the ALJ applied the wrong legal standard to conclude that Plaintiff had engaged in substantial gainful activity in that "the ALJ improperly viewed Mr. Welch's earnings as conclusive on the issue of whether he had engaged in 'substantial gainful activity'" and the ALJ did not sufficiently explain his evaluation of the evidence. *See* Plaintiff's Brief ("Pl. Br.") ECF No. 33.

At step one, an ALJ must determine whether a plaintiff has engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1573(c). Substantial work "involves doing significant physical or mental activities," and "gainful work" is work that is done "for pay or profit." *Id.* § 404.1572. As the Third Circuit explained, "earnings derived from the work activity are generally the primary consideration in evaluating the work for substantial gainful activity purposes." *Beeks v. Comm'r of Soc. Sec.*, 363 F. App'x 895, 897 (3d Cir. 2010). If a plaintiff's earnings exceed the amount set forth in the regulations, a presumption arises that the plaintiff engaged in substantial gainful

5

activity. *Id.* However, the regulations provide that the ALJ should also take into consideration the quality of plaintiff's work and any special employment conditions provided to a plaintiff. 20 C.F.R. § 404.1573(b), (c). In relevant part, the regulations state:

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level.

*Id.* Additionally, special conditions may include that a plaintiff "required and received special assistance from other employees in performing [his] work." *Id.*

First, the ALJ explained that because Plaintiff "earned $22,510 in 2009 and $21,297.80 in 2010," Plaintiff "clearly exceeded" the "monthly threshold for substantial gainful activity" for those years, which was "$980.00 in 2009 and $1,000 in 2010." Tr. at 12-13. The ALJ then went on to explain that Plaintiff testified "he feels he is not doing as good a job in some aspects because he cannot see," "his work is not as good as it was; that he makes mistakes; and that he does not do certain things he should be doing as part of his job." *Id.* The ALJ acknowledged that Plaintiff "does not do certain parts of his job if he can have someone else do it instead, such as cutting lumber or going up on an electric ladder to get something off a high shelf." *Id.* The ALJ then concluded that despite this testimony, Plaintiff had "continuously engaged in substantial gainful work activity," and that "the record is devoid of any evidence from the [Plaintiff's] employers specifying that he was receiving special accommodations in order to perform his assigned work tasks." *Id.*

Here, the Court finds it is unclear whether the ALJ sufficiently considered the regulations as applied to Plaintiff's employment, and thus meaningful judicial review is precluded.

The regulations require an ALJ to consider "how well you do your work" in determining if a plaintiff was engaged in substantial gainful activity. 20 C.F.R. § 404.1573(b). Here, the ALJ acknowledged Plaintiff testified that his quality of work had declined "because he cannot see," "his work is not as good as it was," and "that he makes mistakes. Tr. at 13. However, the ALJ then concluded that Plaintiff "has continuously engaged in substantial gainful work activity." *Id.* It appears the ALJ did not sufficiently explain his consideration of whether the declining quality of Plaintiff's work affected his engagement in substantial work activity, as required by the regulations.

Additionally, the regulations state the ALJ must consider whether Plaintiff "required and received special assistance from other employees in performing [his] work." 20 C.F.R. § 404.1573(c). Further, "[i]f you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level." 20 C.F.R. § 404.1573(b). While the ALJ acknowledged that Plaintiff "does not do certain parts of his job if he can have someone else do it instead," he concluded that the record did not contain evidence that he was given special accommodations. Tr. at 13. The Court finds the ALJ did not sufficiently explain his reasoning for finding that the assistance Plaintiff received from his co-workers did not constitute "special assistance" or "more . . . assistance than is usually given" which may show that Plaintiff was not working at the substantial gainful activity level.

Accordingly, it appears the ALJ's decision that "the claimant has continuously engaged in substantial gainful work activity" failed to sufficiently discuss the evidence or explain his reasoning. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). Therefore, the

Court finds the ALJ's decision is not supported by substantial evidence and is remanded for further consideration of this issue.

IV. **CONCLUSION**

For the foregoing reasons, the Court vacates the ALJ's decision and remands this case for further administrative proceedings consistent with this Opinion. An appropriate order accompanies this Opinion.

Dated: October 26, 2017

_____
**CLAIRE C. CECCHI, U.S.D.J.**